**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **TAPATIO SPRINGS DEVELOPMENT** | § | **CASE NO. 11-50050-RBK** |
| **COMPANY, INC.,** | § | |
| | § | **Chapter 11 Proceeding** |
| **Debtor.** | § | |

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **TAPATIO SPRINGS REAL ESTATE** | § | **CASE NO. 11-50054-RBK** |
| **HOLDINGS, LP** | § | |
| | § | **Chapter 11 Proceeding** |
| **Debtor.** | § | |

**MOTION OF CLYDE B. AND PEGGY SMITH**
**FOR DISMISSAL PURSUANT TO 11 U.S.C. § 1112**

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BEHELD.**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

COME NOW Clyde B. Smith and Peggy Smith ("Smiths"), secured creditors and parties-in-interestherein, and files this their Motion for Dismissal pursuant to 11 USC. 1112 ("Motion"), and would respectfully show the Court as follows:

**I.    INTRODUCTION**

1.      On January 3, 2011 (the "Petition Date"), Tapatio Springs Development Company ("Debtor") filed a voluntary petition for relief under Chapter 11, title 11 of the United States Code

(the Bankruptcy Code"). Debtor is indebted to the Smiths under a Deed of Trust dated March 1, 1993 and recorded in Volume 393, Page 08 of the Official Records of Kendall County, Texas (the "Deed of Trust") securing a Real Estate Lien Note (the "Note") in the original amount of $5,204,494.28 payable to Tapatio Springs, Inc., by Tapatio Springs Development Company, Inc. Subsequently, Tapatio Springs, Inc. dissolved and its assets, including the Note and the liens securing it, were distributed to Clyde B. Smith. The Note was extended on August 1, 2005 (Volume 945, Page 600-608, Kendall County) and modified, in part, adding Peggy Smith as a Lender and setting the interest rate at 6% per annum. The Note was again modified and extended on February 22, 2008 (Volume 1154, Page 94-109, Kendall County) and further extended on June 17, 2009 to September 1, 2009 (Volume 1172, 56-71), when the unpaid principal and interest totaled $3,226,637.55. No payments have been made against the Note, as amended and extended, since March 2010. The note has matured and due and payable in full. As of January 3, 2011, the accrued principal and interest due on the Note is $3,404,855.31 (accrued interest is $146,923.57; annual interest is $193,598.25; monthly interest is approximately $16,133.19; per diem interest is $530.41).

2.      The Deed of Trust provides that it secures Debtor's payment of the indebtednesses and the obligations therein described (collectively, the "Obligations") including but not limited to:

(a)      payment of the Note;

(b)      payment of all renewals, modifications and extensions of the Note,

(c)      payment of any and all present and future indebtedness of Tapatio Springs Development Company, Inc., Clyde B. Smith and Peggy J. Smith are the current owners and holders of the Obligations and the Beneficiaries under the Deed of Trust;

(d)      payment of Smiths' attorneys' fees.

The Deed of Trust also identifies the collateral securing the Note, which is generally described approximately 600 acres of undeveloped, raw land in Kendall County, Texas and more

particularly described on Exhibit A (the "Collateral"). In addition to the principal and interest outstanding on the Notes, late fees, costs, and attorneys fees and costs are also due, and continue to accrue as provided by the Deed of Trust.

3. Smiths have performed all obligations required of them. Debtor has defaulted in its obligations to the Smiths and the Note is in default. Debtor's debt to the Smiths is entirely secured in the Collateral.

4. On January 4, 2011, the Smiths were prepared to foreclose on the Collateral through non-judicial foreclosure in Kendall County, Texas. The foreclosure was prevented by Debtor's filing for bankruptcy.

5. Contemporaneously with this case, a companion case, Case No. 11-50054 RBK, *In re: Tapatio Springs Real Estate Holdings, LP.* ("Holding Company") was filed, which purports to be an affiliated company. Debtor and Holding Company filed essentially mirror image schedules and statement of financial affairs, including listing the subject property as an asset of the second bankruptcy estate; however, neither the Note nor Deed of Trust reflect any obligation or interest of the Holding Company. Since the property was also listed as an asset of Holding Company, and to avoid further delay, Smith is seeking relief in both causes (for pleading purposes, Debtor will be used in the singular form).

6. In both proceedings, the Debtor has indicated that the sole purpose for filing for bankruptcy protection was to stay the Smith's foreclosure action scheduled for January 4, 2011. Movant submits that these proceedings were filed solely to hinder of delay the foreclosure and there is no reasonable likelihood of a reorganization of this non-income generating single piece of real estate.

7.      The Debtor has little or no ability to provide adequate protection, there is little to no equity in the Collateral and the Collateral is not necessary for an effective reorganization.

8.      The Smiths hereby move for relief from the automatic stay for cause to allow the Smiths to foreclose on the Collateral and, in the alternative, declare that this case represents a single asset real estate petition and require the Debtor file a Plan within 30 days upon penalty of the stay being lifted to allow the Smiths to foreclose at that time.

## II.     JURISDICTION

9.      This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334. This Court has authority to grant the relief requested pursuant to 11 U.S.C. § 1112.

## III.    ARGUMENT

10.     This is a single asset real estate case.  The subject property consists of approximately 600 acres of undeveloped, raw land in Kendall County, Texas.  Debtor has unsuccessfully tried to market the property for several years and, despite its representations that a sale was imminent or forthcoming, none has materialized.  The property is currently burdened with prior year unpaid ad valorem taxes in excess of $60,000 with current year taxes, now due and payable.  Income generated from the property is limited to approximately $14,000 annually, which amount is insufficient service the ad valorem taxes or to meet even one month's interest-only debt service on the Smith obligation; consequently, there is no ongoing business enterprise to reorganize.  The only true creditors in the case are Movant and the ad valorem taxing authority, all others are insiders or equity holders.  The sole purpose for filing the instant proceeding was to forestall the foreclosure action scheduled for January 4, 2011.  Movant submits that it would be in the best interest of the creditors to dismiss the case and avoid any further delay, administrative expenses or other obligations against the property.

## IV. ADVISORY TO COURT

11. Movant requests the court take judicial notice that they have contemporaneously filed motions seeking relief from stay or alternatively, SARE designation to declare that the Debtor represents a single asset real estate case and require the Debtor to file a plan of reorganization within 30 days upon penalty of lifting the stay.

## VI. CONCLUSION

The foregoing considered, the Smiths ask that the Court to immediately dismiss the bankruptcy matter(s). or, alternatively, dismiss the case(s) if Debtor has not filed a plan or reorganization in compliance with the SARE designation and .such further and other relief to which the Smiths may be justly entitled both at law in and in equity.

Dated: January 10, 2011

Respectfully submitted,

**DAVIS, CEDILLO & MENDOZA, INC.**

By:    /s/ Derick J. Rodgers
      DERICK J. RODGERS
      State Bar No. 24002857
      755 E. Mulberry Street, Suite 500
      San Antonio, Texas 78212
      Telephone:  210.822.6666
      Telecopier:  210.822.1151

THOMAS W. McKENZIE
THOMAS W. McKENZIE, ATTY.
10107 McAllister Frwy.
San Antonio, Texas 78216
Telephone: 210.227.2698
Telecopier:  210.227.9334
Email: tmckenzie@tsslawyers.com

COUNSEL FOR CLYDE B. SMITH AND PEGGY SMITH

## CERTIFICATE OF SERVICE

I hereby certify that on this 10 day of January, 2011, a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure to the parties on the attached Service List.

VIA TELECOPY:
Chris Weber
CHRISTOPHER J. WEBER, L.L.C.
THE ARIEL HOUSE
9901 IH-10 W., Ste. 165
San Antonio, Texas 78230-2252

VIA FIRST CLASS MAIL:
Kendall County Tax Assessor Collector
Attn: James Hudson
201 E. San Antonio Street
Boerne, Texas 78006


                                        /s/ Derick J. Rodgers
                                        Derick J. Rodgers


17996.0002 Clyde Smith.Bankruptcy\Pleadings-Motions\Motion for Dismissal (600 acres-FINAL).docx