IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| TAPATIO SPRINGS DEVELOPMENT COMPANY, INC., | § § § § | CASE NO. 11-50050-RBK<br><br>Chapter 11 Proceeding |
| Debtor. | § | |

| | | |
|---|---|---|
| IN RE: | § § | |
| TAPATIO SPRINGS REAL ESTATE HOLDINGS, LP | § § § § | CASE NO. 11-50054-RBK<br><br>Chapter 11 Proceeding |
| Debtor. | | |

**MOTION OF CLYDE B. AND PEGGY SMITH
FOR RELIEF FROM AUTOMATIC STAY AND, ALTERNATIVELY, SARE
DESIGNATION UNDER 11 U.S.C. § 101(51B) AND 362(d)(3)**

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BEHELD.**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

COME NOW Clyde B. Smith and Peggy Smith ("Smiths"), secured creditors and parties-in-interest herein, and file this their Motion for Relief from Automatic Stay ("Motion") pursuant to §362(d)(1)and (2) of the Bankruptcy Code, Bankruptcy Rule 4001, and Local Bankruptcy Rule 4001, andwould respectfully show the Court as follows:

## I. INTRODUCTION

1. On January 3, 2011 (the "Petition Date"), Tapatio Springs Development Company ("Debtor") filed a voluntary petition for relief under Chapter 11, title 11 of the United States Code (the Bankruptcy Code"). Debtor is indebted to the Smiths under a Deed of Trust dated March 1, 1993 and recorded in Volume 393, Page 08 of the Official Records of Kendall County, Texas (the "Deed of Trust") securing a Real Estate Lien Note (the "Note") in the original amount of $5,204,494.28 payable to Tapatio Springs, Inc., by Tapatio Springs Development Company, Inc. Subsequently, Tapatio Springs, Inc. dissolved and its assets, including the Note and the liens securing it, were distributed to Clyde B. Smith. The Note was extended on August 1, 2005 (Volume 945, Page 600-608, Kendall County) and modified, in part, adding Peggy Smith as a Lender and setting the interest rate at 6% per annum. The Note was again modified and extended on February 22, 2008 (Volume 1154, Page 94-109, Kendall County) and further extended on June 17, 2009 to September 1, 2009 (Volume 1172, 56-71), when the unpaid principal and interest totaled $3,226,637.55. No payments have been made against the Note, as amended and extended, since March 2010. The note has matured and due and payable in full. As of January 3, 2011, the accrued principal and interest due on the Note is $3,404,855.31 (accrued interest is $146,923.57; annual interest is $193,598.25; monthly interest is approximately $16,133.19, and per diem interest is $530.41).

2. The Deed of Trust provides that it secures Debtor's payment of the indebtednesses and the obligations therein described (collectively, the "Obligations") including but not limited to:

(a) payment of the Note;

(b) payment of all renewals, modifications and extensions of the Note,

(c) payment of any and all present and future indebtedness of Tapatio Springs Development Company, Inc., Clyde B. Smith and Peggy J. Smith are the current owners and holders of the Obligations and the Beneficiaries under the Deed of Trust;

(d) payment of Smiths' attorneys' fees.

The Deed of Trust also identifies the collateral securing the Note, which is generally described approximately 600 acres of undeveloped, raw land in Kendall County, Texas and more particularly described on Exhibit A (the "Collateral"). In addition to the principal and interest outstanding on the Notes, late fees, costs, and attorneys fees and costs are also due, and continue to accrue as provided by the Deed of Trust.

3. Smiths have performed all obligations required of them. Debtor has defaulted in its obligations to the Smiths and the Note is in default. Debtor's debt to the Smiths is entirely secured in the Collateral.

4. On January 4, 2011, the Smiths were prepared to foreclose on the Collateral through non-judicial foreclosure in Kendall County, Texas. The foreclosure was prevented by Debtor's filing for bankruptcy.

5. Contemporaneously with this case, a companion case, Case No. 11-50054 RBK, *In re: Tapatio Springs Real Estate Holdings, LP*. ("Holding Company") was filed, which purports to be an affiliated company. Debtor and Holding Company filed essentially mirror image schedules and statement of financial affairs, including listing the subject property as an asset of the second bankruptcy estate; however, neither the Note nor Deed of Trust reflect any obligation or interest of the Holding Company. Since the property was also listed as an asset of Holding Company, and to avoid further delay, Smith is seeking relief in both causes (for pleading purposes, Debtor will be used in the singular form).

6. In both proceedings, the Debtor has indicated that the sole purpose for filing for bankruptcy protection was to stay Smith's foreclosure action scheduled for January 4, 2011. Movant submits that these proceedings were filed solely to hinder of delay the foreclosure and

there is no reasonablelikelihood of a reorganization of this non-income generating single piece of real estate.

7.      The Debtor has little or no ability to provide adequate protection, there little to no equity in the Collateral, and the Collateral is not necessary for an effective reorganization. The Smiths hereby move for relief from the automatic stay for cause to allow the Smiths to foreclose on the Collateral and, in the alternative, declare that this case represents a single asset real estate petition and require the Debtor file a Plan within 30 days upon penalty of the stay being lifted to allow the Smiths to foreclose at that time.

## II.     JURISDICTION

8.      This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334.This Court has authority to grant the relief requested pursuant to 11 U.S.C. § 362(d) (1), (2) and (3).

## III.    ARGUMENT

9.      The automatic stay should be lifted for "cause" in regard to the Collateral. The party opposing the relief from the stay has the burden of proof on all issues other than the debtor's equity in the property. 11 U.S.C. § 362(g). In this case, cause favors lifting the stay because the Smith's interest in the Collateral is not adequately protected. 11 U.S.C. §362(d)(1). The Smiths are not receiving any payments from the Debtor on the Debtor's obligations, and have not received a payment from the Debtor since long before the Debtor filed for bankruptcy. Indeed, Debtor's petition indicates that the Collateral (undeveloped real estate) generates only $14,000 per year for a cell tower lease, which income is insufficient to bring the Note current and is incapable of maintaining the Note on a current basis. The Smiths cannot be adequately protected and the stay should be lifted.

10. Additionally and alternatively, pursuant to 11 U.S.C. § 362(d)(2), the automatic stay should be lifted with regard to the Collateral because the Debtor has insufficient equity in the Collateral to enable the Debtor reorganize using the Collateral while the obligations to the Smiths continue to increase. Indeed, the Collateral bears tax liabilities for the Debtor that continue to increase.

11. Further, the Collateral is also not necessary for Debtor's effective reorganization. Although the continued ownership of the real estate could conceivably be a component of a future plan of reorganization, that alone is insufficient to carry the burden of proof under § 362(d)(2). In fact, the Debtor has failed to address how the Collateral will be a part of any re-organization. To meet its burden, the Debtor must additionally demonstrate by a preponderance of the evidence that there is a "[r]easonable possibility of a successful reorganization within a reasonable time." *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs.,* 484 U.S. 365, 376 (1988). In this instance, the debtor has attempted to market the property for many years. Smith afforded Debtor ample time to market the property and extended the payment terms on several occasions for that purpose. Unfortunately, Debtor's marketing efforts have been unsuccessful and allowing the Debtor additional time to market the property further exposes the Smiths to additional expenses with no likelihood of being made whole within a reasonable time. Smith has received no payment on the debt since March 2010 and interest alone continues to accrue in excess of $16,000 monthly. Based on Debtor's filings, accrued and unpaid property taxes exceed $60,000. More importantly, the only income generated by the subject property is $1,000/monthly from the lease of a cell tower. The Smiths submit that Debtor is incapable of providing adequate protection and, to the extent there is some limited equity cushion, this cushion will be quickly eroded. The

Smiths and the ad valorem tax assessor are the only true creditors in this proceeding as all others are insiders or equity holders; consequently, there is no ongoing business to reorganize.

12. Additionally and alternatively, pursuant to 11 U.S.C. § 101(51B) and 362(d)(3), single asset real estate debtors are subject to special provisions of the Bankruptcy Code. The term "single asset real estate" is defined as "a single property or project, other than residential real property with fewer than four residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental."*Id.* The Collateral securing Debtor's Note to the Smiths is raw, undeveloped land and which generates only virtually no income for the Debtor and the Debtor has disclosed no other income.

13. The Bankruptcy Code provides circumstances under which creditors of a single asset real estate debtor may obtain relief from the automatic stay which are not available to creditors in ordinary bankruptcy cases. 11 U.S.C. § 362(d)(3). On request of a creditor with a claim secured by the single asset real estate, the court will grant relief from the automatic stay to the creditor unless the debtor files a feasible plan of reorganization or begins making interest payments to the creditor no more than 90 days from the date of the filing of the case, or within 30 days of the court's determination that the case is a single asset real estate case. The interest payments must be equal to the non-default contract interest rate on the value of the creditor's interest in the real estate. 11 U.S.C. § 362(d)(3).

## VI. CONCLUSION

The foregoing considered, the Smiths ask that the Court to immediately lift the automatic stay and allow the Smiths to foreclose against the Collateral or, alternatively, declare that the

Debtor represents a single asset real estate case and require the Debtor to file a plan of reorganization within 30 days upon penalty of lifting the stay to allow the Smiths to foreclose and such further and other relief to which the Smiths may be justly entitledboth at law in and in equity.

Dated: January 10, 2011

                                            Respectfully submitted,

                                            **DAVIS, CEDILLO & MENDOZA, INC.**

                                            By:    /s/ Derick J. Rodgers
                                                         DERICK J. RODGERS
                                                         State Bar No. 24002857
                                                        755 E. Mulberry Street, Suite 500
                                                        San Antonio, Texas 78212
                                                        Telephone:  210.822.6666
                                                        Telecopier:  210.822.1151

                                            THOMAS W. McKENZIE
                                            THOMAS W. McKENZIE, ATTY.
                                            10107 McAllister Frwy.
                                            San Antonio, Texas 78216
                                            Telephone: 210.227.2698
                                            Telecopier:  210.227.9334
                                            Email: tmckenzie@tsslawyers.com

                                            COUNSEL FOR CLYDE B. SMITH AND PEGGY SMITH

## CERTIFICATE OF SERVICE

      I hereby certify that on this 10 day of January, 2011, a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure to the parties on the attached Service List.

V<span style="font-variant:small-caps">ia</span> T<span style="font-variant:small-caps">elecopy</span>:
Chris Weber
C<span style="font-variant:small-caps">hristopher</span> J. W<span style="font-variant:small-caps">eber</span>, L.L.C.
T<span style="font-variant:small-caps">he</span> A<span style="font-variant:small-caps">riel</span> H<span style="font-variant:small-caps">ouse</span>
9901 IH-10 W., Ste. 165
San Antonio, Texas 78230-2252

V<span style="font-variant:small-caps">ia</span> F<span style="font-variant:small-caps">irst</span> C<span style="font-variant:small-caps">lass</span> M<span style="font-variant:small-caps">ail</span>:
Kendall County Tax Assessor Collector
Attn: James Hudson
201 E. San Antonio Street
Boerne, Texas 78006

                                                                            /s/ Derick J. Rodgers
                                                                               Derick J. Rodgers

T:\17000 - 17999\17900-17999\17996.0002 Clyde Smith.Bankruptcy\Pleadings-Motions\Motion for Relief from Automatic Stay (600 Acres Smith - FINAL).docx