IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED JAN 24 2011 U.S. BANKRUPTCY COURT BY ____ DEPUTY

| | |
|---|---|
| IN RE: § <br> § <br> TAPATIO SPRINGS DEVELOPMENT § <br> COMPANY, INC. § <br> § <br> Debtor, § | CASE NO. 11-50050-RBK <br><br> Chapter 11 Proceeding |

| | |
|---|---|
| IN RE: § <br> § <br> TAPATIO SPRINGS REAL ESTATE § <br> HOLDINGS, LP § <br> § <br> Debtor, § | CASE NO. 11-50054-RBK <br><br> Chapter 11 Proceeding |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER
DIRECTING JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES**

1. The above captioned debtors and debtors-in-possession (collectively the "Debtors") file this Motion for entry of an Order (the "Order") in substantially the form attached hereto as Exhibit A, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, directing the joint administration of the Debtors' Chapter 11 Cases (as defined below). Is support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official statutory committees have been appointed or designated by the Office of the United States Trustee.

3. The statutory bases for the relief requested herein are Section 105(a) of title 11 of the United States Code, 11 U.S.C. § 105 and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

## FACTS

4. On January 3, 2010, each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. Debtor Tapatio Springs Development Company, Inc. originally purchased Debtor's real estate holdings from the primary creditor in these proceedings, i.e, the Smiths. The note is in Tapatio Springs Development Company's name.

6. The assets were then transferred to Tapatio Springs Real Estate Holdings, LP.

7. The Debtors have nearly identical principals.

8. The Debtors are jointly and severally liable to the main secured Creditor.

## RELIEF REQUESTED

9. By this Motion, the Debtors respectfully request entry of an order directing joint administration of these Chapter 11 Cases. Specifically, the Debtors request that a docket entry reflecting the consolidation of these Chapter 11 Cases, substantially in the form of the following, be entered on the docket of Tapatio Springs Development Company, Inc.:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the Chapter 11 Cases of Tapatio Springs Development Company, Inc. and Tapatio Springs Real Estate Holdings, LP. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in the case commenced by Tapatio Springs Real Estate Holdings, LP, Case No. 11-50054-RBK.

10. The Debtors also request that this Court maintain one file and one docket for both of the jointly administered cases under the case of Tapatio Springs Real Estate Holdings, LP and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| IN RE: | § | |
|---|---|---|
| | § | |
| TAPATIO SPRINGS REAL ESTATE HOLDINGS, LP, et al., | § § § | CASE NO. 11-50054-RBK |
| | § | Chapter 11 Proceeding |
| Debtors | § | Jointly Administered |

11. Finally, the Debtors seek authority to file any reports required by the U.S. Trustee Operating Guidelines on a consolidated basis; provided however, that disbursements will be listed on a debtor by debtor basis. The Debtors submit that filing consolidated monthly operating reports will further administrative economy and efficiency without prejudice to any party in interest.

## BASIS FOR RELIEF

12. As set forth in the facts, the two Debtors in these Chapter 11 Cases include Tapatio Springs Development Company, Inc. and Tapatio Springs Real Estate Holdings, LP. These entities are affiliates, as that term is defined in Section 101(2) of the Bankruptcy Code. These companies have almost identical principals, and maintain the same assets and creditors. In approximately 2005, all of Tapatio Springs Development Company's assets were transferred to Tapatio Springs Real Estate Holdings. Debtors actually believed Tapatio Springs Development Company was no longer in existence until receipt of the foreclosure notice sent by the Smith Creditors. Tapatio Springs Development Company, Inc. has no assets of its own.

13. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Red. R. Bankr. P. 1015(b). As described above, the Debtors are "affiliates" within the meaning of Section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

14. Given the complexity and interlinked commercial relationships between the Debtors, joint administration of these Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party-in-interest. All of the motions, hearing and orders that will arise in these Chapter 11 Cases will affect both debtors. Thus, entry of an order directing joint administration of these cases will reduce fees and costs by, for example, avoiding duplicative filings and objections. Joint administration will also allow parties-in-interest to monitor these cases with greater ease. Moreover, this Court will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Also, joint administration will ease the burden on the office of the United States Trustee in supervising these bankruptcy cases, and will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' estates.

15. The joint administration of these Chapter 11 Cases will not give rise to any conflict among the Debtors' estates, nor will joint administration affect the Debtors' respective creditors, because the Debtors seek only administrative, not substantive consolidation of their estates. Thus, the relief requested will not harm individual creditors' rights; to the contrary, non-debtor parties-in-interest will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases.

## SCHEDULING ORDERS

16. Each Chapter 11 Case (both cases) currently have a Meeting of Creditors pursuant to Bankruptcy Rule 341 scheduled for January 31, 2011 at 9:30 a.m.

17. Each Chapter 11 Case (both cases) also currently have a hearing on Motions to Dismiss and Motions for Relief From Stay scheduled for February 7, 2011 at 9:00 a.m.

## MOTION PRACTICE

18. This motion includes citation to the applicable rules and authorities upon which the relief requested herein is predicated, and a discussion of their application to this motion. This motion also identifies the name and case number of each case sought to be jointly administered, proposed style after joint administration is ordered, any previous scheduling orders and changes in noticing requirements. Accordingly, the Debtors submit that this Motion satisfies Rule 1015 of the Local Bankruptcy Rules for the Western District of Texas.

## NOTICE

19. The Debtors have provided notice of this Motion to: (a) the creditors listed on the Debtors' list of two creditors and (b) the office of the United States Trustee.

## NO PRIOR REQUEST

20. No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter the order, substantially in the form attached hereto as Exhibit A, (a) directing joint administration of these Chapter 11 Cases and (b) granting such other and further relief as this Court deems appropriate.

Respectfully submitted,

CHRISTOPHER J. WEBER, LLC

_____
Christopher J. Weber
    Texas Bar No. 21042490
9901 West IH-10, Suite 165
San Antonio, Texas 78230
Telephone: (210) 477-1993
Telecopier: (210) 477-1994

Proposed Counsel to the Debtors

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded via United States Mail, postage prepaid, on the 25th day of January 2011, to the following parties:

Kendall County Tax Assessor Collector
Attn: James Hudson
201 E. San Antonio St.
Boerne, Texas 78006

Derick J. Rodgers
Davis Adami & Mendoza, Inc.
755 E. Mulberry St., Ste. 500
San Antonio, TX 78212
1-210-822-1151 - FAX

Thomas W. McKenzie, Esq.
10107 McAllister Frwy.
San Antonio, TX 78216
1-210-227-9334 - FAX

_____
Christopher J. Weber