**UNITED STATES DEPARTMENT OF JUSTICE**
**OFFICE OF THE UNITED STATES TRUSTEE**
**JUDY A. ROBBINS**
**UNITED STATES TRUSTEE**
**JAMES W. ROSE, JR.**
**TRIAL ATTORNEY**
615 E. Houston, Rm. 533
P.O. Box 1539
San Antonio, TX 78295-1539
Telephone: (210) 472-4640
Fax: (210) 472-4649

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| IN RE: § § | |
| TAPATIO SPRINGS REAL ESTATE § HOLDINGS, LP., § § | CASE NO. 11-50054-RBK CHAPTER 11 |
| Debtor. § § § | |

**OBJECTION OF THE UNITED STATES TRUSTEE TO APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF CHRISTOPHER J. WEBER, LLC AS ATTORNEYS FOR THE DEBTOR AND FOR VACATION OR MODIFICATION OF EMPLOYMENT ORDER**

TO THE HONORABLE RONALD B. KING,
UNITED STATES CHIEF BANKRUPTCY JUDGE:

  COMES NOW Judy A. Robbins, United States Trustee for Region 7 ("UST"), by and through the undersigned, and files this Objection to the Application For Approval Of The Employment Of Christopher J. Weber, LLC as Attorneys For The Debtor (the "Application") and for vacation or modification of employment order pursuant to 11 U.S.C. §§ 327(a) and (c), 328(a), and 101(14)(A), (D), and (E), Fed. R. Bankr. P. 2014, 2016(a) and (b), 9023 and 9024 and respectfully shows the Court the following:

1. On January 24, 2011, the Debtor filed the Application seeking to employ Christopher J. Weber, LLC ("Applicant") as Debtor's counsel. As of the filing of this Objection,

the docket reflects that the Court entered an Order authorizing employment of Applicant (the "Employment Order") on January 26, 2011. At the time the Employment Order was entered, the UST had requested information concerning property conveyed to Applicant for the payment of fees and expenses. Applicant provided some documentation that a deed conveying an unencumbered lot to Applicant was recorded in November 2010. The Applicant has agreed to deed the property back to the Debtor once his fees are paid. The UST submits that there are important issues for the Court to consider concerning the employment of Applicant and the transfer of undisclosed property to allegedly pay his fees. Accordingly, the UST requests that the Court, pursuant to Fed. R. Bankr. P. 9023 or 9024, vacate the Employment Order or modify the order to the extent it allows the alleged transfer of property to Applicant.

2. The UST alleges upon information and belief that the Applicant may have been owed fees by the Debtor or an insider of the Debtor prior to the bankruptcy filing.

3. The UST objects to the Application. Pursuant to 11 U.S.C. § 327(a), the Debtor may only employ professionals that do not hold or represent an interest adverse to the bankruptcy estate and are disinterested persons.[1] It appears to the UST that Applicant may, by virtue of the alleged transfer of the property within 90 days of the bankruptcy filing, may not be disinterested. To the extent that the Applicant received some sort of preferential or otherwise avoidable transfer of property from the Debtor prior to the case, the Applicant has a conflict with the estate. If the

---

1    Pursuant to 11 U.S.C. § 101(14)(C), a disinterested person is defined as one who does not have an interest materially adverse to the estate.

property has significant value, the Debtor and the Applicant have effectively transferred property away from the estate that might otherwise be available to pay creditors. Unless the transfer is reversed and the property is listed as property of the estate, the UST cannot envision how the Applicant can act as an attorney in this case.

4. Moreover, it is the Applicant's burden to disclose all facts pertinent to its eligibility to serve as Debtor's accountant and to make a complete disclosure. Pursuant to Fed. R. Bankr. P. 2014, the Applicant is required to fully disclose all compensation arrangements. The disclosure provided by the Applicant with respect to the alleged property lien is deficient and needs to be amended to fully disclose all compensation arrangements prior to any employment of the Applicant including any amounts due an owing as of the bankruptcy filing. The UST alleges upon information and belief that the Applicant has not made adequate disclosure to establish its eligibility to serve as Debtor's counsel. Therefore, because of the lack of disinterestedness and the inadequate disclosure, Applicant is not qualified to act as an attorney for the Debtor pursuant to 11 U.S.C. § 327(a).

WHEREFORE, upon the premises considered, the UST respectfully requests that the Court, pursuant to Fed. R. Bank. P. 9023 and/or 9024, vacate or modify the Employment Order, deny approval of the Application and for such other and further relief to which it may be entitled.

Respectfully submitted,

JUDY A. ROBBINS
UNITED STATES TRUSTEE
REGION 7


By: /s/ James W. Rose, Jr.
    JAMES W. ROSE, JR.
    TRIAL ATTORNEY
    Texas Bar No. 17251900
    615 E. Houston, Rm 533
    P.O. Box 1539
    San Antonio, Texas 78295-1539
    (210) 472-4640
    (210) 472-4649 Fax


## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing pleading has been mailed to all parties listed on the attached service list, by first class mail, postage prepaid, and/or by electronic means for all Pacer system participants on this the 9th day of February, 2011.

    /s/ James W. Rose, Jr.
    James W. Rose, Jr.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-5<br>Case 11-50054-rbk<br>Western District of Texas<br>San Antonio<br>Wed Feb  9 07:34:47 CST 2011 | Tapatio Springs Real Estate Holdings, LP<br>101 Preston Trail<br>Boerne, TX 78006-8860 | U.S. BANKRUPTCY COURT<br>P. O. BOX 1439<br>SAN ANTONIO, TX 78295-1439 |
| Clyde B. Smith<br>c/o Derick J. Rodgers<br>Davis,Cedillo & Mendoza,Inc.<br>755 E. Mulberry Street, Ste. 500\<br>San Antonio, TX 78212-3129 | Clyde and Petty Smith<br>c/o Jason C. Zehner, Esq.<br>Davis, Cedillo & Mendoza, Inc.<br>755 E. Mulberry Ave., Ste. 500<br>San Antonio, TX  78212-3135 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| Kendall County<br>c/o John T. Banks<br>Perdue, Brandon, Fielder, Collins & Mott<br>3301 Northland Drive, Ste. 505<br>Austin, TX 78731-4954 | Kendall County Tax Assessor Collector<br>Attn:  James Hudson<br>201 E. San Antonio, St.<br>Boerne, TX 78006-2013 | United States Trustee - SA12<br>US Trustee's Office<br>615 E Houston, Suite 533<br>PO Box 1539<br>San Antonio, TX 78295-1539 |
| Christopher J. Weber<br>9901 West IH-10, Suite 165<br>San Antonio, TX 78230-2252 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Internal Revenue Service<br>Special Procedures<br>300 E. 8th, St., Stop 5026AUS<br>Austin, TX  78701 | End of Label Matrix<br>Mailable recipients    9<br>Bypassed recipients    0<br>Total                  9 |